UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REPUBLIC TITLE OF TEXAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3848-B |
| | § | |
| FIRST REPUBLIC TITLE, LLC, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff's Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses (doc. 10), filed on December 3, 2014. For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

## I.

## BACKGROUND

Plaintiff, Republic Title of Texas, Inc., ("Plaintiff") filed this action for trademark infringement against Defendant, First Republic Title, LLC, ("Defendant") on October 28, 2014. *See* doc. 1, Compl. On November 19, 2014, Defendant submitted its Answer (doc. 7), in which it asserted seven defenses to Plaintiff's claims. Following Defendant's Answer, Plaintiff filed the present Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses (doc. 10) on December 3, 2014, arguing that the defenses raised either fail to qualify as affirmative defenses, are conclusory assertions lacking sufficient factual context, or are redundant of the remaining denials listed in Defendant's Answer. Defendant submitted his Response (doc. 12) on December 22, 2014,

to which Plaintiff replied (doc. 13) on January 5, 2015. As such, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.      *Rule 12(f) Motion to Strike*[1]

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" acting either sua sponte or upon a party's motion. Fed. R. Civ. P. 12(f). The Rule applies to complaints as well as affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). The Federal Rules require that defenses be pleaded only in "short and plain terms." Fed. R. Civ. P. 8(b). In addition, Rule 8(c) allows a party to "affirmatively state any avoidance or affirmative defense." These pleading rules have been interpreted to require that affirmative defenses be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. Stated another way, parties "must allege sufficient facts to give . . . [their opponent] fair notice of the nature of the affirmative defense and to prevent unfair surprise." *EEOC v. Courtesy*

---

[1] Plaintiff moves to dismiss Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to strike them pursuant to Rule 12(f). Because the Court finds that Rule 12(f) is applicable to the relief sought, it proceeds to analyze Plaintiff's Motion accordingly and need not discuss Plaintiff's request under Rule 12(b)(6). *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1047, n.1&2 (5th Cir. 1982).

*Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at * 2 (N.D. Tex. Jan. 21, 2011). Because

the Fifth Circuit has yet to determine whether the *Twombly* and *Iqbal*[2] pleading standard applies to

affirmative defenses, the Court applies the "fair notice" standard articulated in *Woodfield* when

considering a motion to strike such defenses under Rule 12(f). *Id.* (declining to apply the *Twombly*

and *Iqbal* pleading standard to affirmative defenses in the absence of authority from the Fifth Circuit)

(internal citations omitted).[3]

## III.

## ANALYSIS

In its Answer to Plaintiff's trademark infringement claims, Defendant pleads the following

defenses: (1) lack of confusion; (2) other use in the marketplace; (3) waiver; (4) generic nature of

the names and marks in question; (5) unenforceable mark; (6) no intent to infringe; and (7) that

---

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] The Court notes Plaintiff's insistence on applying the plausible pleading standard of *Twombly* and *Iqbal* to affirmative defenses, but finds its arguments unconvincing in light of the absence of Fifth Circuit authority on the matter. *See* doc. 10, Pl.'s Mot. 2–3. Plaintiff points to several cases in which district courts have adopted the *Twombly* and *Iqbal* pleading standard and urges this Court to do the same. *Id.*; *see Herrera v. Utilimap Corp.*, No. H-11-3851, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012); *Vargas v. HWC Gen. Maint., LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012); *Joe Hand Promotions, Inc. v. Kreka Private Club, Inc.*, No. 3:11-CV-00204-P, 2011 U.S. Dist. LEXIS 157188, at *5–6 (N.D. Tex. Dec. 15, 2011); *J&J Sports Prods. v. Cindy's Gone Hog Wild, Inc.*, No. A-11-CA-127-SS, 2011 U.S. Dist. LEXIS 97501, at *2 (W.D. Tex. Aug. 29, 2011) (applying the plausible pleading standard of *Twombly* and *Iqbal* to affirmative defenses). However, the Court declines to depart from the traditional view espoused by many other courts in this Circuit, which posits that the fair notice standard governs the pleading of affirmative defenses. *See, e.g., Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013); *Jones v. JGC Dall., LLC*, No. 3:11-CV-2743-O, 2012 WL 4119570, at *4 (N.D. Tex. Aug. 17, 2012); *Floridia v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012); *EEOC v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *2 (applying the fair notice pleading standard to affirmative defenses). Most recently, a court in the Southern District of Texas considered this issue, and, after analyzing the implications of applying the *Twombly* and *Iqbal* standard, concluded that the traditional fair notice pleading standard is most appropriate for evaluating affirmative defenses under Rule 12(f). *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418–19 (S.D. Tex. 2014) (discussing *Floridia*, 2012 WL 1565533, at *2). Based on this line of reasoning, the Court similarly concludes that the fair notice standard controls the pleading of affirmative defenses.

Plaintiff is not entitled to injunctive relief. Doc. 7, Def.'s Answer ¶¶ 67–73. Plaintiff assumes that Defendant intends these defenses to be construed as affirmative defenses and proceeds to explain why they fail to meet the applicable pleading requirements.[4] Specifically, Plaintiff argues that the affirmative defense of waiver must be stricken, as such a bare assertion fails to provide fair notice of the basis for the defense or of the connection between the defense and the claims raised in this action. Doc. 10, Pl.'s Mot. 9. Plaintiff further maintains that Defendant's remaining six statements are not affirmative defenses, but are rather mere denials and legal conclusions that are redundant of the remaining denials articulated in the Answer, and, as such, must be stricken. *Id.* at 8–12. Defendant disagrees and insists that the defenses must stand, as they supply sufficient facts to notify Plaintiff of the defenses asserted. Doc. 12, Def.'s Resp. 8–12.

With respect to the affirmative defense of waiver, Defendant only pleads the name of the defense, omitting any context or explanation as to what Plaintiff allegedly waived or how this defense relates to the trademark infringement claims outlined in the Complaint. *See* Def.'s Answer ¶ 69 ("Defendant asserts the defense of waiver."). Such a cursory statement of the affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield*. As the Fifth Circuit in *Woodfield* explained, "baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question." *Woodfield*, 193 F.3d at 362. Thus, Plaintiff's Motion to Strike this affirmative defense is **GRANTED**.

The Court next considers Defendant's remaining statements that: (1) there is a "lack of

---

[4] As previously discussed, the Court declines to adopt the plausible pleading standard of *Twombly* and *Iqbal*. The sufficiency of Defendant's defenses will thus be analyzed under the fair notice standard, as articulated by the Fifth Circuit in *Woodfield*. *See* 193 F.3d at 362.

confusion;" (2) there is "other use in the marketplace;" (3) "the names and marks in question" are "generic;" (4) the mark is "unenforceable;" (5) Defendant had "no intent to infringe;" and (6) "no injunctive relief should be granted Plaintiff nor is Plaintiff eligible for same." Def.'s Answer ¶¶ 67–68; 70–73. As Plaintiff aptly observes, these assertions do not fall within the scope of "affirmative defenses," but are rather denials that negate certain elements of Plaintiff's claims. Pl.'s Mot. 8–12; *see also Insuremax Ins. Agencies, Inc. v. Shanze Enters., Inc.*, No. 3:13-CV-1231-M, 2013 WL 4014476, at *6 (N.D. Tex. Aug. 7, 2013) (finding that similar statements are not affirmative defenses). Thus, Plaintiff asks the Court to strike them as redundant.

Indeed, most of the statements in question are redundant, as they reiterate many of the denials specified throughout Defendant's Answer. The defense of "lack of confusion" is redundant, as Defendant elsewhere denies Plaintiff's allegation that "Defendant's mark is confusingly similar to [Plaintiff's]." Compl. ¶ 21; Answer ¶ 21. The defense that the mark is "unenforceable," as well as the assertion that "no injunctive relief should be granted"  similarly overlap with the denial of Plaintiff's request that Defendant be "restrained and enjoined" to prevent it from causing damage to Plaintiff. Compl. ¶ 25; Answer ¶ 25. Lastly, the defense that Defendant had "no intent to infringe" duplicates the denial of Plaintiff's claim that "Defendant's actions are willful." Compl. ¶ 24; Answer ¶ 24. In light of these redundancies, the Court **GRANTS** Plaintiff's Motion to Strike these defenses, listed in paragraphs 67 and 71–73 of Defendant's Answer. *See Insuremax Ins. Agencies, Inc.*, 2013 WL 4014476, at *6 (striking similar defenses as redundant due to their overlap with other denials in defendant's answer).

Turning to Defendant's declaration that there is "no other use in the marketplace," the Court finds that it neither qualifies as an affirmative defense, nor does it offer any notice of the defense

Defendant attempts to assert or of the subject that has "no other use in the marketplace." *See* Answer ¶ 68. Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike this statement.

Lastly, Defendant's claim that "the names and marks in question" are "generic," while not a recognized affirmative defense, is neither redundant of the denials nor irrelevant to the issues in question. *See* Answer ¶ 70. Accordingly, to the extent Plaintiff moves to strike this defense on the ground that it is redundant, its request is **DENIED**. *See Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-CV-0949, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (refusing to dismiss defenses that did not qualify as affirmative defenses yet were not demonstrated to be "wholly unrelated to the underlying controversy or prejudicial to the plaintiff.").

To summarize, Defendant's affirmative defense of waiver is **STRICKEN**, as it fails to provide fair notice of the defense asserted and its connection to the claims at issue. *See* Answer ¶ 69. The statements that: (1) there is a "lack of confusion;" (2) the mark is "unenforceable;" (3) Defendant had "no intent to infringe;" and (4) "no injunctive relief should be granted Plaintiff nor is Plaintiff eligible for same" are also **STRICKEN**, as they are not recognized affirmative defenses and are redundant of the remaining denials listed in Defendant's Answer. *See id.* ¶¶ 67, 71–73. Defendant's statement that there is "no other use in the marketplace" is likewise **STRICKEN** due to its failure to provide any notice of the defense asserted. *See id.* ¶ 68. Lastly, the Court **DENIES** Plaintiff's request to strike Defendant's claim that "the names and marks in question" are "generic," as this statement is neither redundant nor irrelevant. *See id.* 70. The Court notes, however, that it does not qualify as an affirmative defense, and therefore should not be listed as such.

Having noted the shortcomings in these defenses, the Court nonetheless affords Defendant leave to amend its Answer so as to correct the deficiencies and redundancies identified above, and,

to the extent possible, to recharacterize the relevant stricken statements as denials rather than affirmative defenses. *See Software Publishers Ass'n*, 2007 WL 2325585, at *2 (granting defendant an opportunity to file an amended answer so as to correct its failure to provide more than the name of the affirmative defenses asserted). If Defendant wishes to file an amended answer, it must do so by **Monday, May 11, 2015**. If Defendant does not replead, the defenses will stand stricken.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses (doc. 10) is **GRANTED in part** and **DENIED in part**. If Defendant wishes to file an amended answer to correct the deficiencies and redundancies noted above, it must do so by **Monday, May 11, 2015**.

SO ORDERED.

SIGNED: April 27, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 7 -