IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REPUBLIC TITLE OF TEXAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3848-B |
| | § | |
| FIRST REPUBLIC TITLE, LLC, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Defendant First Republic Title, LLC has filed an Opposed Motion to Withdraw and/or Amend Deemed Admissions [Dkt. No. 19], seeking an order permitting Defendant to withdraw or amend deemed admissions to Plaintiff's Request for Admissions. United States District Judge Jane J. Boyle has referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 20. Plaintiff Republic Title of Texas, Inc. has responded, *see* Dkt. No. 23, and Defendant has not filed a reply, and its time to do so has passed, *see* N.D. TEX. L. CIV. R. 7.1(f).

For the reasons explained below, Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions [Dkt. No. 19] is GRANTED.

### Background

Plaintiff has sued Defendant for false designation or description in commerce under Lanham Act § 43(a); infringement under the Texas Trademark Act; common law trademark infringement; common law unfair competition; dilution and injury to business reputation under Texas Business & Commerce Code § 16.03; trademark

infringement under Texas Business & Commerce Code § 16.102; and trademark dilution under Lanham Act § 43(c). *See* Dkt. No. 1.

On December 8, 2014, Plaintiff served on Defendant requests for admissions under Federal Rule of Civil Procedure 36, and, based on an extension, responses were due to be served by January 21, 2015. *See* Dkt. No. 19 at 2; Dkt. No. 23 at 14 of 71. Defendant acknowledges that the requested were deemed admitted because Defendant did not timely respond. *See* Dkt. No. 19 at 2. Defendant served its Responses to Plaintiff's Request for Admissions on Plaintiff on March 23, 2015. *See id.*;

**Legal Standards**

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Fed. R. Civ. P.] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n,*

*Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (footnotes omitted).

Because Rule 36 is self-executing, in the absence of a timely-served written and signed answer or objection addressed to each matter, all the requests were deemed admitted by default. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Because the extended deadline ran, as Defendant acknowledges, Defendant's sole recourse is to move to withdraw or amend its deemed admissions under Rule 36(b). *See id.* at 419; Dkt. No. 29 at 2. It has now done so.

"In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Carney*, 258 F.3d at 419. "Rule 36(b) 'places a burden on both the party who makes the admission and the party who obtains the admission. The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him.'" *Curtis v. State Farm Lloyds*, Civ. A. No. H-03-1025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004) (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del.1988)).

As to the first prong of the test, "it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met." *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6,

2007). Courts have found Rule 36(b)'s first prong satisfied where admissions "directly bear on the merits of the case," *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008), and "upholding the admissions would practically eliminate any presentation of the merits of the case," *Curtis*, 2004 WL 1621700, at *5.

But the United States Court of Appeals for the Fifth Circuit "and other courts have not relied solely on this factor in determining whether to permit withdrawal. Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case, or that the admission is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." *Le*, 2007 WL 715260, at *2 (internal quotation marks omitted). Thus, "[c]ourts have permitted the withdrawal of deemed admissions when confronted with contrary factual information, unless the circumstances of the case have made it inappropriate or inequitable to do so." *Curtis*, 2004 WL 1621700, at *5. The Fifth Circuit has also held that a court acts within its discretion in considering the fault of the party seeking withdrawal, *see Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1394 (5th Cir. 1969), or its diligence in seeking withdrawal, *see Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam); *accord Le*, 2007 WL 715260, at *2.

As to the second, prejudice prong of the Rule 36(b) standard, "[t]hat it would be

necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *AmeriFirst Funding*, 2008 WL 2073498, at *2. Rather, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120. "Courts have also considered ..., within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le*, 2007 WL 715260, at *3. The Fifth Circuit has opined that a "court may have abused its discretion in denying withdrawal when [the party opposing withdrawal] had almost six months to continue discovery and its prejudice at that point in time consisted largely of the additional expense of discovery." *Id.*

And, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney*, 258 F.3d at 419.

## Analysis

Defendant asserts that "[t]he Court should grant Defendant's Motion to Withdraw or Amend Deemed Admissions (the 'Motion') and permit Defendant to withdraw or amend its responses to Plaintiff's Request for Admissions numbers 3-21 and 23 because doing so will promote the presentation of the merits of the case." Dkt. No. 29 at 3. According to Defendant, "[i]n the instant case, the admissions Defendant

seeks to withdraw or amend directly concern the merits of the case"; "Plaintiff's Request for Admissions numbers 3-21 and 23 ask Defendant to admit or deny factual circumstances and legal conclusions regarding Defendant's allegedly knowing and intentional infringement upon Plaintiff's registered trademark(s)"; and, "[i]f Defendant is not permitted to withdraw or amend deemed admissions, the admissions will effectively preclude Defendant's case from going forward and will likely result in final judgment for Plaintiff at the summary judgment stage." *Id.* at 3-4.

Defendant contends that "[t]he Court should grant the Motion because if Defendant is allowed to withdraw or amend its admissions the parties will be able to present their cases on the merits," whereas, "[c]onversely, if the Motion is denied it is likely that Plaintiff will obtain a final summary judgment without allowing either party the opportunity to present the merits of its case." *Id.* at 4. Defendant further asserts that "[t]he Court can see from the admission responses provided by Defendant (Exhibit A) that Defendant did admit several of the admissions, provided qualified admissions where possible, and properly denied that which factually required denial" and that, "[i]n short, Defendant provided substantive admission responses which should be permitted to be the proper answers on file to be used in the litigation of this matter and the presentation of the evidence." *Id.*

Plaintiff responds that, "[t]o be entitled to undeem admissions, the moving party must establish that withdrawal of the *particular* admission would serve the presentation of the case on its merits;" that, "[a]s Fifth Circuit case law makes clear, for each admission deemed, the party must establish and show how and why each

particular admission would be case dispositive"; that "[t]he failure to make the particular showing as to each admission sought to be undeemed is fatal and does not meet the first element of 36(b)"; that, "[h]ere, Defendant makes only the conclusory assertions that 'admissions 3-21 and 23' would preclude trial of the case on the merits and would mandate summary judgment – without any analysis, discussion, or showing as to any particular admission"; and that "[s]uch a bare assertion that these must be 'case dispositive' without any analysis or showing how and why have routinely held insufficient by Fifth Circuit courts and are considered essentially failure to show/establish the first element of Rule 36(b)." Dkt. No. 23 at 7 of 71.

Plaintiff further contends that "the Fifth Circuit instructs that the analysis is much more than simply alleging 'the admissions must be undeem' because they may be fact or issue preclusive – much more must be shown." *Id.* (citing *Le*, 2007 WL 715260, at *2). Plaintiff notes that the Fifth Circuit has instructed that "'[o]ther factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission'" and "'that a court acts within its discretion in considering the fault of the party seeking withdrawal ... or its diligence in seeking withdrawal.'" *Id.* (quoting *Le*, 2007 WL 715260, at *2 (citation omitted)).

Plaintiff further notes that "[t]he trial court is not bound or mandated to undeem the admissions after a showing of 36(b); instead, it is at that point where the court's

discretion to choose to undeem is triggered by the movant." *Id.* at 8 of 71 (citing *Le*, 2007 WL 715260, at *2). Plaintiff urges that "the Court should, in its discretion, choose not grant Defendant's request to undeem the admissions because of Defendant's bad faith conduct, gamesmanship, dishonesty, and clear motive to conceal its conduct so as to benefit from that concealment." *Id.* Plaintiff contends that "Defendant provided no explanation for its failure to respond to discovery – neither asserting nor supporting any mistake or accident"; that "[w]hat is clear is that during the same time period that Defendant's discovery responses were due, Defendant was surreptitiously filing trademark applications with both the State of Texas and the [U.S. Trademark and Patent Office ('USPTO')]"; that "Defendant actually propounded its own set of discovery on Plaintiff on January 6, 2015 and received responses from Plaintiff on February 5, 2015"; that, nevertheless, "Defendant filed is Motion four (4) months after the responses were due and then waited almost another two 2 months after it knew they were well past due to file this Motion"; that, "while its discovery responses were outstanding, including requests for admission, Defendant found time to propound discovery, receive it back from Plaintiff, and file multiple state and federal trademark applications"; and that "[t]he fact that Defendant makes no real showing of an explanation for its failure to respond is telling and supports an objective finding of gamesmanship, motive, and dishonest discovery abuses." *Id.* at 9-10 of 71.

The Court disagrees with Plaintiff that a bright-line test dictates that, "for each admission deemed, the party must establish and show how and why each particular admission would be case dispositive" and that "[t]he failure to make the particular

showing as to each admission sought to be undeemed is fatal and does not meet the first element of 36(b), Dkt. No. 23 at 7 of 71, and the Court can find no support for that proposition in *J&J Sports Productions, Inc. v. Rest. & Taqueria Cristina,* No. 3:11-cv-3104-N-BF, 2013 WL 3878589, at *3 (N.D. Tex. July 29, 2013), the cases cited by Plaintiff, in which the Court found Rule 36(b)'s first prong was not met for a different reason.

The Court would have benefitted from more analysis than simply attaching and pointing to the requests for admissions. But a review of Plaintiff's Request for Admissions numbers 3-21 and 23, *see* Dkt. No. 19-1, does reveal – as Defendant asserts and Plaintiff does not deny – that the deemed admissions that Defendant seeks to withdraw or amend directly concern the merits of the case.

For its part, however, Defendant offers no explanation for its untimely responses to the requests for admissions and its further delay in moving to withdraw the deemed admissions and acknowledged its counsel's fault in missing the deadline. *See* Dkt. No. 19; Dkt. No. 23 at 23 of 71. But the Court does not find enough evidence presented to support Plaintiff's inference that Defendant's counsel must have been engaged in dishonesty and falsehood when communicating in March 2015 about whether Defendant had served discovery responses. *See* Dkt. No. 23 at 4 of 71, 19-24 of 71.

Further, Defendants have served their responses to the requests for admissions, which suggest that the deemed admissions may be contrary to the factual record that can be developed in the case. And the delay that Plaintiff points to in this case – just at two months in responding and a little over three months from the missed response

date to file the motion to withdraw – does not match the kind of record of delay or lack of diligence that have, in other cases, merited a finding that Rule 36(b)'s first prong is not satisfied. *See, e.g.*, *Covarrubias*, 192 F. App'x at 248; *Curtis*, 2004 WL 1621700, at *6.

Neither does the Court find Defendant's conducting their own discovery, filing applications with the USPTO and the State of Texas, or pressing waived objections to separate discovery requests to constitute the kind of conduct that justifies refusing to permit withdrawal of deemed admissions. Plaintiff asserts that, "[u]nbeknownst to Plaintiff, during this time period that Defendant's discovery responses were due, Defendant had been filing applications for trademark registration both with the state of Texas and the [USPTO]"; that "Plaintiff is now under the obligation, additional expense, and cost to have these trademarks cancelled, which requires an additional legal action and significant costs"; that "Defendant filed a Texas application for Trademark Registration on January 9, 2015"; and that, "[h]ad Defendant responded to discovery appropriately and timely, Plaintiff would have had an opportunity to object to, respond to, or stop the application," but that "Defendant only provided this information and document on April 1, 2015, though such information and documents were due back in January 2015." Dkt. No. 23 at 5 of 71. But that, and Plaintiff's further assertions regarding Defendant's filing a federal trademark application, *see id.*, all relate to Defendant's Responses to Plaintiff's Requests for Production and document production on April 1, 2015, not its responses to the requests for admission. The Court finds that refusing to withdraw deemed admissions is not the appropriate recourse (if

any) for the conduct that Plaintiff asserts is improper.

Defendant certainly could have done more in its motion on this prong but the Court concludes, in its discretion, after considering all of the relevant factors and facts, that withdrawal of the deemed admissions to Plaintiff's Requests for Admission numbers 1-21 and 23 and amendment with the responses that Defendant served on March 23, 2015 would serve the presentation of this case on its merits.

As to prejudice, Defendant asserts that "[s]ubstantial time remains in the discovery period, therefore Plaintiff cannot show that it would be prejudiced if the Court grants the Motion." Dkt. No. 19 at 5. Defendant contends that "Plaintiff will not be prejudiced if the Court grants the Motion because substantial time remains in the discovery period," where, "[p]er the Court's Scheduling Order issued on January 15, 2015, the deadline for completion of discovery is November 16, 2015," where Defendant served Plaintiff with its responses to Plaintiff's Request for Admissions on March 23, 2015," and where "Plaintiff will have had nearly eight (8) months to conduct additional discovery from the time Plaintiff received Defendant's response, and therefore cannot show that it will be prejudiced if the Motion is granted." *Id.*

Plaintiff responds that, "[a]t the latest, by its own admission, Defendant was aware of this admissions issue since March 17, 2015, yet Defendant waited again almost two months to file this motion to undeem the admissions"; that "[t]he pleadings deadline in this case is June 18, 2015, less than a month away"; that "Plaintiff would assert that this two month delay in filing its motion in conjunction with its discovery gamesmanship now stands to prejudice Plaintiff" and "would ask that, at a minimum,

the pleadings deadline be extended by 90 days if the Court is somehow inclined to grant Defendant's motion"; that "Defendant continues to assert objections [to requests for production and interrogatories] that it knows and admitted are waived since March 17, 2015"; and that "[s]uch continued discovery misconduct should not be allowed or rewarded, and with the looming pleadings deadline Plaintiff does stand to be prejudiced." Dkt. No. 23 at 10 of 71.

The sort of prejudice that Rule 36(b) contemplates is not shown here. Discovery is open through November 16, 2015, during which time Plaintiff can seek discovery on the matters that are deemed admitted by Defendants' failure to timely respond to the requests for admission. Plaintiff does not explain how the pleading deadline is impacted by withdrawing the deemed admissions. And Defendant's persisting in objections to interrogatories and requests for productions does not present any apparent connection to withdrawing the deemed admissions and permitting amendment with the responses served on March 23, 2015, particularly where, again, the deadline for completion of discovery is November 16, 2015.

Accordingly, the Court finds that Defendant's requested withdrawal and amendment would not prejudice Plaintiff in its presentation of the case in the manner that Rule 36(b) contemplates.

Further, the Court does not find, in its discretion, that Defendant's request for leave to withdraw or amend should be denied after considering all of the circumstances presented.

**Conclusion**

The Court GRANTS Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions [Dkt. No. 19] and ORDERS that Defendant First Republic Title, LLC's deemed admissions to Plaintiff's Requests for Admission numbers 1-21 and 23 are withdrawn and amended with the responses [Dkt. No. 19-1] served by Defendant on March 23, 2015.

SO ORDERED.

DATED: June 16, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE