UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REPUBLIC TITLE OF TEXAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3848-B |
| | § | |
| FIRST REPUBLIC TITLE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Renewed Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses (doc. 22), filed on May 26, 2014. For the reasons that follow, the Motion is **DENIED**.

## I.

## BACKGROUND

Plaintiff Republic Title of Texas, Inc. filed this action for trademark infringement against Defendant First Republic Title, LLC on October 28, 2014. *See* doc. 1, Compl. On November 19, 2014, Defendant submitted its Original Answer (doc. 7), asserting seven defenses to Plaintiff's claims. On December 3, 2014, Plaintiff moved to dismiss these defenses, arguing that they either did not qualify as affirmative defenses, lacked sufficient factual context, or were redundant of the remaining denials listed in Defendant's Answer. *See* doc. 10. In its April 27, 2015 Memorandum Opinion and Order, the Court granted in part and denied in part Plaintiff's motion, concluding that several of the defenses listed did not qualify as affirmative defenses while others were conclusory or

redundant. *See* doc. 18, April 27, 2015 Order.[1] The Court further granted Defendant the opportunity to file an amended answer by May 11, 2015. *Id.* at 7.

In accordance with the Court's April 27, 2015 Order, Defendant filed its Amended Answer on May 11, 2015. Doc. 21, Am. Answer. Shortly thereafter, Plaintiff filed the present Renewed Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses. Doc. 22, Pl.'s Renewed Mot. Defendant submitted its Response (doc. 25) on June 16, 2015, and Plaintiff filed its Reply (doc. 28) on June 30, 2015. As such, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

A.    *Rule 12(f) Motion to Strike*[2]

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from

---

[1] Specifically, the Court concluded the following:

. . . Defendant's affirmative defense of waiver is **STRICKEN**, as it fails to provide fair notice of the defense asserted and its connection to the claims at issue. *See* Answer ¶ 69. The statements that: (1) there is a "lack of confusion;" (2) the mark is "unenforceable;" (3) Defendant had "no intent to infringe;" and (4) "no injunctive relief should be granted Plaintiff nor is Plaintiff eligible for same" are also **STRICKEN**, as they are not recognized affirmative defenses and are redundant of the remaining denials listed in Defendant's Answer. *See id.* ¶¶ 67, 71–73. Defendant's statement that there is "no other use in the marketplace" is likewise **STRICKEN** due to its failure to provide any notice of the defense asserted. *See id.* ¶ 68. Lastly, the Court **DENIES** Plaintiff's request to strike Defendant's claim that "the names and marks in question" are "generic," as this statement is neither redundant nor irrelevant. *See id.* 70. The Court notes, however, that it does not qualify as an affirmative defense, and therefore should not be listed as such.

April 27, 2015 Order 6.

[2] Plaintiff moves to dismiss Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to strike them pursuant to Rule 12(f). Because the Court finds that Rule 12(f) is applicable to the relief sought, it proceeds to analyze Plaintiff's Motion accordingly and need not discuss Plaintiff's request under Rule 12(b)(6). *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1047, n.1&2 (5th Cir. 1982).

a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" acting either sua sponte or upon a party's motion. Fed. R. Civ. P. 12(f). The Rule applies to complaints as well as affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). The Federal Rules require that defenses be pleaded only in "short and plain terms." Fed. R. Civ. P. 8(b). In addition, Rule 8(c) allows a party to "affirmatively state any avoidance or affirmative defense." These pleading rules have been interpreted to require that affirmative defenses be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield,* 193 F.3d at 362. Stated another way, parties "must allege sufficient facts to give . . . [their opponent] fair notice of the nature of the affirmative defense and to prevent unfair surprise." *EEOC v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at * 2 (N.D. Tex. Jan. 21, 2011). Because the Fifth Circuit has yet to determine whether the *Twombly* and *Iqbal*[3] pleading standard applies to affirmative defenses, the Court applies the "fair notice" standard articulated in *Woodfield* when considering a motion to strike such defenses under Rule 12(f). *Id.* (declining to apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses in the absence of authority from the Fifth Circuit) (internal citations omitted).

---

[3] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III.

## ANALYSIS

After reviewing Defendant's Amended Answer, the Court concludes that it addresses the deficiencies noted in the April 27, 2015 Order. Defendant's Amended Answer adds ample factual allegations in support its defense of waiver and is careful to avoid redundancies by noting that any defenses or denials are included "[t]o the extent not set forth elsewhere." Am. Answer ¶¶ 66–70. Moreover, Defendant no longer characterizes all denials as affirmative defenses. *Id.* Though largely cosmetic, this particular change allows Defendant to explain the basis for its denial of Plaintiff's trademark infringement claim without mistakenly asserting that these denials qualify as affirmative defenses.

Despite these amendments, Plaintiff again moves to dismiss or strike these defenses through its Renewed Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses. After considering the Motion and the related filings, the Court concludes that the corrections Defendant made in its Amended Answer address the deficiencies noted in the Court's April 27, 2015 Order. The Court notes that motions to strike are generally viewed with disfavor and are seldom granted, and further recognizes that they are often "sought by the movant simply as a dilatory tactic." *FDIC*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868). Bearing this in mind, and in light of the changes Defendant made in its Amended Answer, the Court **DENIES** Plaintiff's Renewed Motion to Dismiss, or Alternatively, Motion to Strike Defendant's Affirmative Defenses.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Renewed Motion to Dismiss, or Alternatively, Motion

to Strike Defendant's Affirmative Defenses (doc. 22) is **DENIED**.


SO ORDERED.

SIGNED: August 10, 2015.



JANE J. BOYLE
UNITED STATES DISTRICT JUDGE