UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REPUBLIC TITLE OF TEXAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3848-B |
| | § | |
| FIRST REPUBLIC TITLE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Republic Title of Texas, Inc.'s Motion for Leave to File First Amended Complaint (doc. 26). For the reasons stated below, Plaintiff's Motion is **GRANTED.**

### I.
### BACKGROUND

Plaintiff Republic Title of Texas, Inc. filed this trademark infringement lawsuit against Defendant First Republic Title, LLC on October 28, 2014. Doc. 1, Orig. Compl. On January 15, 2015, the Court entered a Scheduling Order in the case, setting a June 18, 2015 deadline to join parties and amend pleadings. *See* doc. 14. On June 18, 2015, Plaintiff timely filed the present Motion for Leave to File First Amended Complaint. Doc. 26, Pl.'s Mot. to Amend Compl. ("Pl.'s Mot."). Defendant submitted its response on June 29, 2015, to which Plaintiff replied on July 13, 2015, Docs. 27, 29. As such, the Motion is ripe for the Court's review.

### II.
### LEGAL STANDARD

Federal Rule of Civil Procedure 15 directs the Court to grant leave to amend freely "when

justice so requires" and further affords the Court discretion to grant such leave. Fed. R. Civ. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Markets, L.L.C.*, No. Civ. A. 3:02-CV-0239-P, 2003 WL 21350210, at *3 (N.D. Tex. June 10, 2003). "In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003). "When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00-CV-0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).

## III.

## ANALYSIS

In its Motion for Leave to File First Amended Complaint, Plaintiff seeks leave to add details regarding Defendant's alleged trademark infringement through its use of Plaintiff's "REPUBLIC TITLE" mark. Pl.'s Mot. 3. In support of its Motion, Plaintiff explains that its proposed amendments do not significantly differ from the facts asserted in its Original Complaint. *Id.* However, Plaintiff also adds that the amendments reference newly discovered documents and relate to facts and events that occurred after the filing of Plaintiff's Original Complaint. *Id.* These new events include "the filing of various trademark registrations by Defendant, which further infringes and harms Plaintiff." *Id.* Plaintiff further wishes to assert these claims against additional parties that allegedly "caused,

participated in, or directly conducted activities on behalf of Defendant" during events that occurred following the filing of the Original Complaint. *Id.* at 4. Plaintiff insists that no factors weigh against granting leave: there has been no undue delay; Plaintiff is not acting in bad faith or pursuant to a dilatory motive; and Defendant will suffer no undue prejudice as a result of the amendment. *Id.*

Defendant opposes the Motion on multiple grounds. Defendant first argues that the proposed amendments are futile, as they are "founded on an illusory joinder of improper parties to existing causes of action which should not survive a Rule 12(b)(6) motion." Doc. 27, Def.'s Resp. 1. Further, Defendant suggests that the amendments would add groundless claims and harass individuals and entities that should not be parties to this lawsuit. *Id.* Moreover, Defendant views the proposed amended complaint as "a non-specific pleading which would require a Motion for More Definite Statement to clarify what each newly proposed Defendant is being charged with," which would result in the need to file an additional amended pleading. *Id.*

After reviewing the Motion and the arguments and authority presented by the parties, the Court concludes that there does not exist a "substantial reason for denying leave to amend." *See Hinds*, 2003 WL 21350210, at *3. First, there is no indication of undue delay, bad faith, or dilatory motive in the filing of the Motion; indeed, Plaintiff requests leave to amend within the time frame provided by the Court's January 15, 2015 Scheduling Order. Significantly, Plaintiff seeks to amend its complaint so as to reference conduct that occurred *after* the filing of its Original Complaint. Therefore, it would have been impossible for it to have raised these allegations at the time it submitted its original pleadings.

Moreover, Defendant is unlikely to suffer undue prejudice by the filing of this amended complaint; the fact that allegations are added against new parties is not prejudicial, as it is a routine

occurrence in the litigation of claims and the discovery of new facts to support such claims. Finally, Defendant's unsubstantiated argument that the amendment would be futile is unconvincing, as is its suggestion that this amendment should not be permitted because it would prompt the filing of a motion for a more definite statement or a motion to dismiss; that Defendant *may* subsequently decide to file related motions is not critical to the Court's decision of whether to grant Plaintiff leave to amend its complaint, nor can a mere speculation that this will cause further delay affect the analysis of the Motion as presently submitted.

In light of the above, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint.

### IV.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (doc. 26) is **GRANTED**. The Clerk of Court is requested to enter Plaintiff's First Amended Complaint (doc. 26-1), currently attached to the Motion, as a separate docket entry.

**SO ORDERED.**

**SIGNED: August 10, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE